

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-14-00061-CR

———————————————

RAHEEM SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1319577D; Honorable Mollee Westfall, Presiding

October 27, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Raheem Smith, was convicted by a jury of murder[1] and sentenced to confinement for life. On appeal, Appellant asserts the trial court erred by (1) permitting testimony concerning statements made by third parties at the scene of the crime

---

[1] *See* TEX. PENAL CODE ANN. 19.02(b)(1) (West 2011).

identifying Appellant as the murderer and (2) permitting expert testimony from a lay witness.[2]  We affirm.

BACKGROUND

In May 2013, a two paragraph indictment was returned alleging (1) that, on or about May 20, 2013, Appellant intentionally and knowingly caused Natasha McDade's death by shooting her with a deadly weapon, a firearm, and (2) that, with intent to cause serious bodily injury to McDade, he also intentionally committed an act clearly dangerous to human life, i.e., shooting her with a firearm, which caused her death.  A jury trial was held in January 2014.

At trial, the testimonial and physical evidence established Appellant shot McDade three times as she lay on the ground and then turned the gun on himself in an unsuccessful suicide attempt.  At the trial's conclusion, the jury found Appellant guilty of murder and he was sentenced to confinement for life.  This appeal followed.

By his first issue, Appellant contends the trial court erred in overruling his "hearsay" objections to testimony from an investigating officer concerning crime scene statements made by non-testifying third parties who identified Appellant as the murderer.  Appellant also contends the admission of those statements violated his Sixth Amendment right of confrontation of witnesses.  *See* U. S. CONST. amend. VI.  The State contends the statements were not hearsay and the Confrontation Clause complaint was not preserved.

---

[2] Originally appealed to the Second Court of Appeals, this case was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Second Court of Appeals and that of this court on any relevant issue.   *See* TEX. R. APP. P. 41.3.

Appellant's second issue concerns whether the trial court erred by allowing a lay person (in this case one of the investigating officers) to testify that deformities in the bullets recovered from the scene were consistent with the types of deformities seen when a bullet strikes a hard object. The State contends the objected-to statements were merely "observational" statements that did not require expert qualification and that the complaint, if any, was waived when the same information later came in without objection. Alternatively, as to both issues, the State contends the admission of the complained-of evidence constitutes harmless error.

STANDARD OF REVIEW

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). The trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2966, 180 L. E. 2d 253 (2011).

If an appellate court determines that the trial court committed error in the admission or exclusion of evidence, it must then determine whether Appellant was harmed by that error. Generally, the erroneous admission of evidence is non-constitutional error subject to harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Non-constitutional error does not require reversal unless it affects the appellant's substantial rights. An appellant's substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, the appellate court has a fair assurance that the error did not influence the jury,

3

or had but a slight effect. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (disregarding the erroneous admission of evidence where evidence did not have a substantial or injurious influence on the jury's decision). Furthermore, erroneously admitted testimony may constitute harmless error when it is cumulative of other evidence introduced in the case. *Franks v. State*, 90 S.W.3d 771, 805-06 (Tex. App.—Fort Worth 2002, no pet.) (admission of evidence was harmless where same evidence was introduced through several other witnesses).

Certain constitutional errors are also subject to harmless error analysis under Rule 44.2(a) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(a). Violation of the Confrontation Clause of the Sixth Amendment is a "non-structural" error of constitutional dimension that is subject to harmless error analysis. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986); *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); *Bibbs v. State*, 371 S.W.3d 564, 570 (Tex. App.—Amarillo 2012, pet. ref'd). If the record reveals constitutional error that is subject to harmless error review, we must reverse the judgment of conviction or punishment unless we are able to determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a). In making a harmless error determination under Rule 44.2(a), appellate courts should ascertain whether the conviction or punishment would have been the same absent the error, adhering strictly to the question of whether the error in question contributed to the verdict obtained in that case. *Snowden v. State*, 353 S.W.3d 815, 821 (Tex. Crim. App. 2011).

ISSUES ONE AND TWO

By his first issue, Appellant asserts the trial court erred by permitting Officer Justin Seabourn to testify that he spoke to two bystanders shortly after arriving at the scene of the incident and that they told him Appellant shot McDade. He also asserts, via his second issue, that the trial court erred by permitting Officer Christian Williams to offer unqualified expert testimony when he stated, "[w]hen a bullet hits an object, it's going to deform, sure."

Even if we were to assume, *arguendo,* that the trial court committed error in both instances, any such error would be harmless because there were two eyewitnesses that testified they saw Appellant shoot McDade and there was other evidence of Appellant's guilt. Claudia Greer testified Appellant's relationship with McDade did not end well. Although she did not witness the actual shooting, she did testify that she saw Appellant chasing McDade around the apartment complex with a gun immediately prior to the shooting. Bridgett Greer testified she heard McDade screaming for help just prior to the shooting. LaShonda Jones testified she saw Appellant with the gun and witnessed him standing over McDade when he shot her three times. Judith Balleza testified she witnessed Appellant shooting McDade. Officer Mark Ochsendorf testified Appellant told him he shot himself; John Hamilton, a paramedic who treated Appellant, testified Appellant confessed to shooting McDade. Therefore, even assuming the trial court erred in admitting the complained-of testimony, we have a fair assurance that the evidence in question did not influence the jury's verdict or had but a slight effect. As to any constitutional error, we find beyond a reasonable doubt that the error, if any, did not contribute to the conviction or punishment. Issues one and two are overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.